DILLON v. SHUGAR ET AL.

1. **Vendor and Vendee:** BAD-FAITH PURCHASER: NOTICE OF EQUITA-ABLE TITLE: INADEQUATE CONSIDERATION. A. entered land and sold it to B., but no conveyance was recorded. B. conveyed to C., and the deed was on record. After this A. conveyed the same land, worth about $2,000, to D., for about $25, and D. conveyed to E. Both D. and E. knew that the record showed a conveyance from B. to C., and E. also knew C., either personally or by reputation. *Held* that both D. and E. had knowledge of such facts as to put them on inquiry as to C.'s title, and that they could not in equity be regarded as good-faith purchasers.

2. ———: MORTGAGE BY BAD-FAITH PURCHASER: NOTICE TO MORTGAGEE: FORECLOSURE: SUBROGATION. In such case E. gave to D. his notes for the purchase-money, secured by mortgage on the land, and D. sold and indorsed them to S., who had had the deed from A. to D. in his hands, showing the inadequate consideration paid by D. for the land; but at that time S. had no interest in the land, and did not expect to have any, and he did not notice the contents of the deed. *Held* that S. was not thereby charged with notice of any want of equity in the title which secured the notes purchased by him. But that, since D. and E. were not innocent purchasers, it was their duty to pay S. and relieve the land; that S. was entitled to judgment against them accordingly, and also to a decree of foreclosure against the land, but that the land should not be sold until the property of D. and E. should be exhausted; and that, upon the payment of S. by the owners of the land, either voluntarily or by sale on execution, they should be subrogated to S.'s rights against D. and E.

3. **Public Lands:** DELAYED PATENT: DELIVERY TO GRANTEE OF PAT-ENTEE: EFFECT. A. entered land, and sold it by assigning his certificate of entry, and the land was sold and conveyed by his vendee to B. Before A. sold the land, a patent was made to him, but it lay in the land office, and was afterwards delivered to B., and never came into the hands of A. *Held* that, though it never was delivered to A., it had the effect

to vest him with the legal title from the date of its execution; so that it could not be said that a second purchaser from him, without knowledge of B.'s equity, took nothing, on the ground that A. had neither legal nor equitable title to part with.

*Appeal from Guthrie District Court*—Hon. J. H. Henderson, Judge.

Wednesday, December 14.

Action to quiet title to certain land in Guthrie county. E. R. Sayles intervened, setting up a mortgage on the land, and praying for a decree of foreclosure. The court dismissed the plaintiff's petition, and denied Sayles' right to a foreclosure, and, upon a cross-petition filed by Sarah Shugar and others, quieted the title in them. Sayles appeals.

*Kauffman & Guernsey*, for appellant.

*Piatt & Carr, C. A. & J. G. Berry* and *W. L. Read*, for appellees.

Adams, Ch. J.—The land was entered by one Snavely. He sold it to one Maria Wenrick, and she sold it to one John Shugar. He died intestate, and Sarah Shugar and others, made defendants hereto, are his heirs. After Snavely had sold the land to Mrs. Wenrick, he executed a deed of it to Lyman Porter, made defendant hereto, and he executed a deed of it to the plaintiff, Dillon, who claims to have bought the same without knowledge of the rights of the Shugars. He gave his promissory notes for the purchase-money, and a mortgage upon the land to Porter, and Porter sold the notes and transferred them by indorsement to the intervenor, Sayles. The court below held that the plaintiff was not an innocent purchaser of the land, and that Sayles was not an innocent purchaser of the notes and mortgage.

The controversy in this case has arisen out of the fact that the sale by Snavely to Mrs. Wenrick was not evidenced by a deed, and the plaintiff claims that, at the time his grantor,

1. VENDOR and vendee: bad-faith purchaser: notice of equitable title: inadequate consideration.

Porter, took a deed from Snavely, the latter did not appear from the record to have made any previous sale of the land to any one, and that neither he nor Porter had any knowledge of such sale. In our opinion, both the plaintiff and Porter knew that Snavely had parted with all beneficial interest in the land, or, at least, had knowledge of such facts as put them upon inquiry; and that in equity they must be charged with knowledge.

The land was worth about $2,000, and Porter paid Snavely only a nominal consideration,—$25 or less. This alone was sufficient evidence to him that Snavely did not claim to be the owner, and must have parted with his interest to some one. Besides, it is shown that both the plaintiff and Porter knew that the record showed a conveyance from Mrs. Wenrick to John Shugar, and the deed showed the residence of Shugar to be in Cedar county, Iowa, and the plaintiff, at least, if not Porter, knew Shugar, or knew of him by reputation. In our opinion, neither Porter nor the plaintiff acquired any greater interest than Snavely had when he made his deed to Porter, and Snavely, at best, was the holder of the mere legal title.

As to Sayles' knowledge, we have to say that the case appears to us to be somewhat different. It is shown, to be sure, that he had in his possession at one time the deed from Snavely to Porter. Now, as that deed showed a consideration of only $25 for a tract of land worth about $2,000, he would, if he had observed the consideration and the description of the land, and knew its value, have seen enough to lead him to the inference that Snavely did not execute the deed upon the supposition that he was the owner of the property; but at the time Sayles held the deed he had no interest in it or the land, and it does not appear that he contemplated acquiring any interest in the same. He testifies that he did not even observe what land was covered by the deed, and we see no reason to doubt the truthfulness of this statement.

2. ——:
mortgage by
bad-faith purchaser: notice
to mortgagee:
foreclosure:
subrogation.

The court below seemed to think that the record was in such condition that Sayles was bound to take notice of the defect in Dillon's title. After the entry of the land by Snavely, a patent for the land was duly executed to him, and held for some years by the department. After the execution of the patent to him, he probably, without knowing that it had been executed, having occasion to sell to Mrs. Wenrick, simply assigned to her his certificate of location. After that, by virtue of the assigned certificate, or in some other way, John Shugar, Mrs. Wenrick's grantee, acquired the possession of the patent. It was probably delivered directly to him, and never was delivered to the patentee, Snavely. The court below seems to think that, to pass the title to Snavely, there should have been a delivery of the patent to him, and that, as this was not done, the title remained in the United States; and so, as Snavely had neither the legal nor equitable title at the time he made his deed to Porter, the latter took nothing, and conveyed nothing to the plaintiff, who is Sayles' mortgagor. But it appears to us that, when the patent was duly executed and recorded, and delivered to Shugar, the legal title passed to the patentee, if, indeed, it did not pass prior to delivery. (*U. S. v. Schurz*, 102 U. S., 378.) In that case it was held that delivery was not essential. But here there was a delivery intended, evidently for the benefit of the patentee, or of some one through him. So far as we can see, then, Snavely appeared, at the time he made his deed to Porter, to hold the legal title, and we have failed to find that Sayles had knowledge that the equitable title was held by any one else. We think, then, that Sayles must be protected. But, as we have found that Porter and the plaintiff were not innocent purchasers, it is their duty to pay the debt due Sayles, and relieve the land. While, therefore, Sayles has judgment against the plaintiff and Porter, and rightly so, and appears to be entitled to a decree of foreclosure, we think that his decree should provide that

*3. PUBLIC lands: delayed patent: delivery to grantee of patentee: effect.*

*SAME AS NO. 2.*

he shall first exhaust his remedy against Porter and the plaintiff upon their personal .liability, and, in case of his inability to collect his debt from them, and it shall ap- appear by the return of an execution that no property of theirs can be found, he may then enforce his lien against the mortgaged land by sale thereof; and, in case the property shall be sold for the amount of the debt, or in case the heirs of John Shugar shall pay Sayles the amount, they shall be subrogated to his rights under the decree, and be entitled to an execution against Porter and the plaintiff.

MODIFIED AND AFFIRMED.